JUDGE BUCHWALD  12 CV 7151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

TYRONE LONG,

                 Plaintiff,

         -against-

CITY OF NEW YORK; Police Officer CARMEN CABRERA, Shield No. 15433; Police Officer HARRY G. BONHOMME, Shield No. 28127, and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                 Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded



## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Tyrone Long ("plaintiff" or "Mr. Long") is a resident of Bronx County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendants Police Officer Carmen Cabrera, Shield No. 15433 ("Cabrera") and Police Officer Harry G. Bonhomme, Shield No. 28127 ("Bonhomme") at all times relevant herein, were officers, employees and agents of the NYPD. Defendants Cabrera and Bonhomme are sued in their individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. For twenty-four years Mr. Long has loyally served as a sanitation worker for a local food market in Bronx, New York, and is a long-standing union member.

13. At approximately 3:05 p.m. on February 23, 2012, plaintiff was lawfully in the vicinity of 152 East 171st Street, Bronx, New York after leaving an eyeglass store.

14. Plaintiff was walking down the street with his friend and his friend's wife when defendants pulled over and stopped plaintiff without probable cause or reasonable suspicion to believe he that had committed any crime or offense.

15. Defendants then seized plaintiff's identification and accused him of committing a litany of crimes – none of which plaintiff had committed.

16. Defendants then proceeded to illegally search plaintiff's fanny pack.

17. Having found no contraband or illegal substances of any kind, defendants told plaintiff that he had the "choice of taking trespassing or selling

cigarettes."

18.   Plaintiff was frightened, but steadfastly insisted that he had not committed any crimes.

19.   The officers, in apparent agreement with plaintiff, gave plaintiff back his identification and permitted him to leave.

20.   Notwithstanding, plaintiff was soon stopped by a defendant wearing a white shirt appearing to be in charge, who then proceeded to order the other defendants to arrest plaintiff.

21.   The defendants then screamed at plaintiff, asking him whether he knew "anything about Yankee Stadium" and whether he was "a Muslim."

22.   This interrogation commenced without apprising plaintiff of his 5th Amendment Miranda rights.

23.   Despite the fact that defendants had no probable cause to believe that plaintiff had committed any crime, defendants arrested plaintiff for trespassing.

24.   Plaintiff was eventually taken to the 44th precinct.

25.   At the precinct the officers falsely informed employees of the Bronx County District Attorney's Office that they had observed plaintiff within the lobby of 152 East 171st Street, and that plaintiff did not have permission or authority to enter or remain within that location.

26.   At no point was plaintiff within 152 East 171st Street.

27. After approximately seven hours in custody, plaintiff was given a Desk Appearance Ticket.

28. Plaintiff's criminal charges in Bronx County Supreme Court were subsequently adjourned in contemplation of dismissal.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### Unlawful Stop and Search

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Failure To Intervene

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

38. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### First Amendment Retaliation

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and

Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

42. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

43. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:  September 21, 2012
        New York, New York

_____
Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
rmarinelli@hmswlaw.com

*Attorney for plaintiff*